UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                                                                              Case No. 6:14-bk-10801
    CHRISTINE V. MARTIN                                                   Chapter 13

    Debtor.
_____/

## OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

Secured Creditor, SPACE COAST CREDIT UNION ("Space Coast"), as successor in interest by merger to Eastern Financial Florida Credit Union, by and through undersigned counsel, hereby files its Objection to Confirmation of Debtor's Chapter 13 Plan [D.E. 12], and in support thereof states as follows:

1.    On September 23, 2014 ("Petition Date"), the Debtor, CHRISTINE V. MARTIN ("Debtor"), filed a voluntary petition for relief under Chapter 13, Title 11 of the United States Bankruptcy Code.

2.    Space Coast is the holder of a promissory note ("Note") and first mortgage ("Mortgage") (collectively, "Loan Documents") in real property located at 1853 Surrey Court, Viera, Florida 32955 (the "Property").

3.    On October 23, 2014, Space Coast timely filed a secured Proof of Claim in the total amount of $490,065.85 with a Pre-Petition arrearage of $209,038.83[Claim No. 1-1].

4.    The Debtor filed an amended Chapter 13 Plan (the "Plan") [D.E. 12] which seeks to improperly value the Property pursuant to 11 U.S.C. § 506(a) and cram Space Coast's lien to a total of $195,782.00.

5.    The Property properly qualifies as the Debtor's homestead residence under Fla. Const. Art. X, § 4(a)(1) and Fla. Stat. § 196.031(1)(a). Therefore, the Debtor, individually, is

prohibited from valuing the Property and modifying Space Coast's Mortgage pursuant to 11 U.S.C. § 1322(b)(2).

6. Space Coast will not consent to mediation with the Debtor or otherwise approve a modification of its Mortgage. The Plan is not in compliance with 11 U.S.C. § 1322(b)(2) and (3) and cannot be confirmed pursuant to 11 U.S.C. § 1325(a)(5).

7. Any attempt by the Debtor to contest the validity of Space Coast's Mortgage must be accomplished through an adversary proceeding pursuant to Fed.R.Bankr.P. 7001(2) (Bankruptcy Rule 7001(2) states that "a proceeding to determine the validity, priority, or extent of a lien" is an adversary proceeding.) "The avenue to contest 'validity' is created in Rule 7001(2) and appears nowhere else. While § 506(d) declares certain liens 'void,' it does not dictate the procedural method required to obtain a judicial adjudication of that fact. Only Rule 7001 provides that mechanism." *In re Smith*, 514 B.R. 331, 338 (Bankr.S.D.Ga.2014).

8. The proposed Plan conspicuously fails to include provision for the payment of annual real estate taxes and insurance. Accordingly, the Plan fails to comply with 11 U.S.C. § 1325(a)(1) as it fails to provide adequate protection for Space Coast's interests pursuant to 11 U.S.C. § 361. As of the date of this Motion, Space Coast is still force-placing insurance on the Property to Space Coast's detriment. Therefore, Space Coast objects to the confirmation of any plan that fails to adequately protect Space Coast's interests.

9. Pursuant to Section 1325(a)(5), the Debtor cannot provide for less than the full value of Space Coast's allowed claim. Accordingly, Space Coast objects to confirmation of any plan which proposes to pay anything less than full payment of its secured claim, including arrearages.

10. As the Debtor's proposed plan fails to conform Space Coast's Proof of Claim and properly treat its secured claim in violation of the requirements of 11 U.S.C. §§ 1325(a)(5) and 1322(b)(2), Space Coast submits that the Plan has not been proposed in good faith and confirmation should be denied.

11. For the reasons more particularly stated above, Space Coast objects to the Debtor's Chapter 13 Plan in its current form, and requests that confirmation be denied unless and until appropriate provision for Space Coast's debt is made in the plan.

12. Space Coast further objects to all requests for mediation by the Debtor.

13. Space Coast reserves the right to supplement or amend this Objection prior to or at any confirmation hearing.

**WHEREFORE**, Space Coast Credit Union respectfully requests that the Court deny confirmation of the Debtor's Chapter 13 Plan [D.E. 12] unless it is amended to overcome Space Coast's stated objections and conform to Claim No. 1-1, and for such other and further relief as the Court deems just and proper.

Dated:  October 23, 2014
**BLAXBERG, GRAYSON & KUKOFF P.A.**
*Attorneys for Space Coast Credit Union*
25 SE Second Avenue, Suite 730
Miami, Florida  33131
Phone: (305) 381-7979 x 317
Fax:    (305) 371-6816
alexis.read@blaxgray.com

By:  /s/ *Alexis S. Read*
      Alexis S. Read, Esq.
      Fla. Bar No. 98084

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on October 23, 2014, a true and correct copy of the foregoing was served via CM/ECF electronic transmission to those parties who are currently on the list to receive electronic notice and service for this case, and/or by regular U.S. Mail to:

| | |
|---|---|
| Paul F. Daley<br>*Counsel for Debtor*<br>7331 Office Park Place, Suite 3<br>Viera, FL 32940<br>staff@daleylaw.com | Nancy E Brandt<br>Bogin Munns & Munns<br>*Co-Counsel for Space Coast Credit Union*<br>2601 Technology Drive<br>Orlando, FL 32804<br>nancyb@boginmunns.com |
| Laurie K Weatherford<br>*Chapter 13 Trustee*<br>Post Office Box 3450<br>Winter Park, FL 32790<br>ecfdailysummary@c13orl.com | United States Trustee - ORL7/13, 7<br>Office of the United States Trustee<br>George C Young Federal Building<br>400 West Washington Street, Suite 1100<br>Orlando, FL 32801<br>USTP.Region21.OR.ECF@usdoj.gov |

    By:    /s/ Alexis S. Read
           Alexis S. Read, Esq.
           Fla. Bar No. 98084